UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA


v.                                    CRIMINAL NUMBER 15-MJ-2273-MBB


DESMOND CRAWFORD


**DEFENDANT DESMOND CRAWFORD**

**MOTION FOR RELEASE ON SPECIFIC CONDITIONS**

## I.      INTRODUCTION

Now comes the defendant and respectfully prays that this Court enter an order releasing DESMOND CRAWFORD ("Crawford") on conditions as set out below pursuant to 18 U.S.C. §3143.  The defendant proposes two scenarios that would involve strict conditions for his release.  Should the Court allow the defendant's motion, the defendant would defer to the Court as to which release scenario it deemed most appropriate.

The first release scenario is as follows:

Release to Appropriate Supervisor in the District of Massachusetts

1.      Release to the supervision of his Mother, Sandra Ray who resides in Stoughton, Norfolk County Massachusetts;

2.      Place the defendant on the electronic monitoring program at the aforementioned sponsor's residence;

3.     Require the defendant to have scheduled telephone contact with the Pre-Trial Services Office of the United States District Court in Massachusetts;

4.     Require the defendant to post a collateral bond in the form of cash or in the alternative post a secured real estate bond property as collateral.  Crawford specifically proffers:

   a.     *141 Mill Street, Springfield Massachusetts* or in the alternative;

   b.     *1001 River Street, Hyde Park Massachusetts;*

5.     Order that the defendant refrain from violating any state or federal law including use or possession of a firearm;

6.     Order that the defendant secure gainful employment at Prestige Auto located at 147 Coddington Street, Quincy Massachusetts;

7.     Order that the defendant refrain from using alcohol or other narcotic substance;

8.     Allow the defendant to leave the premises of the sponsor's residence only for purposes of employment, travel to Court appointments in Boston, Massachusetts, visits with his lawyers in Milton, Massachusetts, or visits to the Office of Pre-Trial Services in Boston.

   Crawford submits the following reasons outlined below in support for his request to be released.

## II.     BIOGRAPHICAL INFORMATION

   The defendant's biographical background is detailed in the Pre-Trial Services Report of this case.

### III.   <u>CRAWFORD'S PERSONAL HISTORY</u>

The defendant was born Desmond Crawford.  Crawford was born on September 7th in the year 1985 in Boston, Massachusetts.  He is and has remained a United States citizen his entire life.  The defendant describes conditions of hardship and struggle during his life, however Crawford's Mother provided a stable and happy household and was an excellent role model who did her best to shape his values.

On or about the year of 2000, the defendant's parents separated.  Crawford initially moved to the Tremont Street in South End with his Mother and older brother into a condo.  Shortly thereafter, Crawford's mother lost her source of employment and Crawford was forced at an early age to drop out of high school in order to provide assistance to support the family.  The condo was eventually foreclosed upon.  Crawford describes feelings of hardship and resentment at this period in his life.  Due to further financial constraints, his Mother was forced to move into a room with her sister.

Although Crawford's' Father was occasionally employed, he was often absent from the home and provided no financial support whatsoever. Crawford further maintains that his father has a severe addiction to gambling.

Shortly thereafter, Crawford's mother was forced to yet again relocate the family to the residence of the maternal grandmother on Canterbury Street in Boston.  Again Crawford found himself living in an apartment with multiple other children and family members.  Crawford came to terms with the fact that his Mother could not afford to raise him.  Crawford relates that he was essentially on his own from the age of fourteen (14).

Crawford briefly attended high school at both Charlestown as well as Hyde Park High before dropping out prior to graduation.  Crawford maintains that primary basis for

dropping out of schools was due to the constant moving form apartment to apartment as well as the fact that he needed to seek employment in order to financially assist his immediate family.

### IV.   <u>CRIMINAL HISTORY</u>

As stated in the Pre-Trial Services Report, the defendant is a citizen of the United States of America.   In addition to various driving offenses, it appears that he has had contact with the criminal justice system regarding a firearm charge.  Crawford was initially charged with possession of a firearm some ten (10) years ago.  This charge was ultimately dismissed. Crawford further maintains that he has *no history of defaults* and further defers to the C.O.R.I. provided by pre trial services.

### V.   <u>***ALLEGED OFFENSE CONDUCT***</u>

*The present complaint filed in the United States District Court in Boston, Massachusetts details that Crawford is alleged to have been involved in a shooting in the City of Boston.  Additionally, it is further alleged that at the time of the arrest of Crawford, a firearm was discovered in a hidden compartment in a vehicle in which he was operating.*

## VI.   **THE STATUTORY PRESUMPTIONS**

Crawford argues that the collective information provided to the Court rebuts the statutory presumptions of risk of flight and dangerousness, and that there are in fact conditions of release that can be fashioned which will secure his presence at trial.

United States Code Title 18, § 3142 (e) provides in relevant part:

> (e) Detention.  If, after a hearing pursuant to the provisions of subsection (f), the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, he shall order the detention of the person prior to trial.

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (§21 U.S.C.  801 et seq.), the Controlled Substances Import and Export Act (§21 U.S.C.  951 et seq.), section 1 of the Act of September 15, 1980 (§21 U.S.C.  955a), or an offense under section 924(c) of title 18 of the United States Code.

After a motion for detention has been filed, the district court must undertake a two-step inquiry.  See *United States v. Shakur*, 817 F.2d 189, 194 (2d Cir.1987).  The Court must first determine by a preponderance of the evidence, see *United States v. Jackson*, 823 F.2d 4, 5 (2d Cir.1987), that the defendant either has been charged with one of the crimes enumerated in Section 3142(f)(1) or that the defendant presents a risk of flight or obstruction of justice.  Once this determination has been made, the court turns to whether any condition or combination of conditions of release will protect the safety of the community and reasonably assure the defendant's appearance at trial.  *United States v. Berrios-Berrios*, 791 F.2d 246, 250 (2d Cir.), cert. dismissed, --- U.S. ----, 107 S.Ct. 562,

93 L.Ed.2d 568 (1986).  *United States v. Friedman*, 837 F.2d 48, at 49 (1988).  The issuance of an indictment establishes the probable cause burden for the government in detention proceedings.

**VII.    THE DEFENDANT HAS REBUTTED THE PRESUMPTION THAT HE IS A DANGER TO THE COMMUNITY.**

1.     **The weight of evidence against Mr. Crawford is not so overwhelming as to warrant pretrial detention.**

Here, the strength of the case against the defendant is tenuous. The case does not appear to involve Title III wiretap evidence.  The case does not involve direct seizures of contraband directly from the *person* of Crawford. The case does not involve any hand-to-hand transactions with an undercover officer.

There are no post-arrest statements attributed to Crawford.   In sum, the indictment against the defendant is equivocal and does not carry with it the usual forms of compelling and overwhelming evidence that the United States typically brings. Without Title III evidence, hand-to-hand transactions with the defendant, or seizures of contraband directly from the defendant, the case is devoid of those factors which leave little doubt as to the prospect of a guilty plea or guilty verdict.  In sum, the weight of the evidence against the defendant is a factor struck in his favor in assessing the determination of conditions of release.

      2.      **Mr. Crawford's history and characteristics warrant pretrial release.**

Mr. Crawford was born in Boston and has lived in Massachusetts the entirety of his life.
Mr. Crawford attended day care, elementary and Middles school all within the Columbia
Point section of Boston.  In fact, Crawford's grandmother and father still reside there to
this day.

      3.      **Mr. Crawford's release would not pose a danger to any person or to
the community.**

Congress has determined that where there is a strong probability that a
person will commit additional crimes if released, detention is appropriate.  Aside from
a felony conviction more than ten ears in the past, Mr. Crawford has not been involved in
or charged with any crimes of violence.  He does not associate with gangs or persons
involved in violent acts and at all times has shown himself to be a peaceful person.  In
fact Crawford vigorously contests that he is a gang member of the Columbia Point
Dawgs.  Rather, Crawford maintains that he has resided in said community since he was
a child and attended schools within the community.  He refutes the assertion that he has
ever claimed to be a gang member.  Said conduct alone is simply not sufficient to
conclude that he is a gang member.

## VIII. CRAWFORD FURTHER REBUTS THE PRESUMPTION OF THE RISK OF FLIGHT

A judicial officer conducting a detention hearing should, even after a defendant has come forward with rebuttal evidence, continue to give the presumption of flight some weight by keeping in mind that Congress has found that these offenders pose special risks of flight, and that "a strong probability arises" that no form of conditional release will be adequate to secure their appearance. *United States v. Martir*, 782 F.2d 1141, 1144 (1986). Quoting Senate Report at 19, reprinted in 1984 U.S.Code Cong. & Ad.News at 3202. The judge or magistrate thus should consider those legislative findings among the other factors to be weighed in deciding whether a defendant should be detained. *Martir* citing *Jessup*, 757 F.2d at 384.

Although it is of course true that the government retains the burden of persuasion on this issue, "a defendant must introduce some evidence contrary to the presumed fact in order to rebut the presumption." *United States v. Kirkaldy*,181 F. 3rd 83 (1999) quoting *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir.1991) (quoting *Martir*, 782 F.2d at 1144). And, "[o]nce a defendant introduces rebuttal evidence, the presumption, rather than disappearing altogether, continues to be weighed along with other factors  to be considered when deciding whether to release a defendant." *Kirkaldy* at 84. Congress explicitly left open what kinds of information would be sufficient basis for release, choosing to leave the issue to the judgment of the courts on a case-by-case basis. *Id*. citing Senate Report at 18-19, reprinted in 1984 U.S. Code Cong. & Ad. News at 3201-02. Id. at 1145.

In this case by case analysis, Crawford asks the Court to consider the strength of his legitimate life interests, his *general lack* of a serious criminal record, his character,

and the deep and lawful ties that the defendant and his entire family have to the Greater Boston Community area as compelling factors on the issue of risk of flight. Crawford has been described as a decent person who is a man of his word.

The presumption that the defendant is a risk of flight has dissipated with the evidence proffered by the defense.  Crawford is presently not subject to, nor would he be the target of a deportation charge.  He thus faces no consequences or fear of immediate expulsion from the country.

 The proposals of secured bonds, even a secured real estate bond, release on the electronic monitoring system, strict supervision through the Pre-Trial Services Office, and travel restrictions are all reasonable assurances that should sway the Court.  The record of evidence presented showing what a good and decent man Crawford is make the issue of the risk of flight a convincing argument in the defendant's favor.

## IX.    <u>CONCLUSION</u>

The relative lack of strength of the government's case is a factor that the Court should be considered in fashioning release conditions for Crawford.  The undersigned anticipates a possible lengthy time period for discovery and hearing of substantive motions to dismiss.    The weight of the evidence against the defendant is tenuous considering the allegations within the Complaint.

The evidence presented regarding Crawford's personal history, character and family circumstances present a compelling argument that the statutory presumptions have been rebutted, and that the defendant is a worthy candidate for release on any of the proposed conditions suggested by the defense.

For the reasons above, the defendant asks the Court to adopt the conditions outlined above and release the defendant pending the prosecution of this matter.

Respectfully submitted,
**DESMOND CRAWFORD**,
By his lawyer,


/s/ Rudolph F. Miller
_____
**Rudolph Findley Miller, Esq.**
**BBO# 565807**
75 Adams Street
Suite C
Milton, MA 02186


DATED:  January 12th, 2016